**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DENNIS MAXBERRY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 12-1280 (RCL)** |
| **DEPARTMENT OF THE ARMY,** ) | |
| **BOARD OF CORRECTION OF** ) | |
| **MILITARY RECORDS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION**

*Pro se* plaintiff Dennis Lee Maxberry files this action for damages for alleged wrongs committed by the Army Board for the Correction of Military Records ("ABCMR").

Defendant now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), or alternatively under Rule 12(b)(6).  Upon consideration of the parties' submissions, the Court will grant defendant's motion to dismiss pursuant to Rule 12(b)(1).  This Court does not have jurisdiction to hear plaintiff's claims because they are barred by the six-year statute of limitations under 28 U.S.C. § 2401(a), and because any claims of fraud and misrepresentation are exempt from the Federal Tort Claims Act's ("FTCA") general waiver of sovereign immunity. As such, the Court need not consider defendant's motion to dismiss under Rule 12(b)(6).

## I.      BACKGROUND

Plaintiff, Dennis Maxberry is a former soldier who enlisted in the Army in September, 1976.  He received a "general/under honorable conditions" discharge on June 23, 1978 for "failure to maintain acceptable standards for retention."  Def.'s Mot. Dismiss, App., at 87-89 [hereinafter App.].  In his complaint, he alleges that the ABCMR continues to wrongfully deny him either a change to the discharge he received or an upgrade in the characterization of his service to "honorable."  He also seemingly alleges that the ABCMR breached an unspecified contract with him and that the ABCMR's failure to review the conditions of his discharge constitutes "fraud and misrepresentation."  *See* Am. Complaint ¶¶ 12-13, 15-16, 18-19, 21, 24; *id.* at 11-12.  Plaintiff seeks $4,000,000 in general damages for fraud, $66,000 in damages for breach of contract, punitive damages, interest, attorneys fees, and $70,000 for loss of property, bad faith, punitive damages, and a reinstatement of plaintiff's seniority.

Plaintiff's complaint fails to clearly state specific dates and events.  Thus, the Court looks to defendant's memorandum in support of its motion to dismiss for missing facts and details. Plaintiff appears to have been discharged on June 23, 1978 after months of poor performance, failed rehabilitative efforts, and run-ins with local authorities.  Between November 1980 and April 1983, plaintiff filed three requests with the Army Discharge Review Board ("ADRB") requesting an upgrade to his discharge.  App. at 73-75.  The ADRB denied his requests on April 24, 1984.  App. at 65, 71-72.  A year later, on April 11, 1985, plaintiff asked the ABCMR to upgrade his "under honorable conditions discharge" to "honorable," arguing that the circumstances surrounding his discharge had been misconstrued and that the characterization of his service as being "under honorable" was unwarranted.  App. at 58-59.  The ABCMR denied plaintiff's application on October 15, 1986.  Plaintiff had not timely filed, and the ABCMR did

not find his failure to timely file excusable in the interest of justice.  On June 2, 1987 plaintiff filed another application with the ABCMR challenging the circumstances of his discharge.  The ABCMR again denied plaintiff any relief on August 19, 1988.  App. at 44.

On October 22, 2008, plaintiff resumed his attempts to amend his discharge by submitting another application to the ABCMR.  ABCMR notified plaintiff on March 19, 2009 that his application had been filed too late and that the Board would not consider future submissions.  Plaintiff nonetheless continued to submit applications to the ABCMR, which were repeatedly denied.

## II.   LEGAL STANDARD

### A.   Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or a claim therein, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  In response to such a motion, the plaintiff must show that his claims lie within "the Judicial Power of the United States," U.S. Const. art. III, § 1, and that a federal statute grants the court jurisdiction to hear those claims.  *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 893 F. Supp. 2d 75, 78 (D.D.C. 2012) (quoting *Micei Int'l v. Dep't of Commerce,* 613 F.3d 1147, 1151 (D.C. Cir. 2010)).  If the plaintiff cannot establish both elements, the court must dismiss the action.  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle,* 74 U.S. 506, 514, 7 Wall. 506, 19 L.Ed. 264 (1868)).  The court will, however, "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'"  *Am. Nat'l Ins. Co. v. FDIC,* 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi,* 394 F.3d 970,

972 (D.C. Cir. 2005)).  When resolving a motion made under Rule 12(b)(1), a court may

consider material beyond the allegations in the plaintiff's complaint.  *Abdelfattah v. U.S. Dep't of*

*Homeland Sec.*, 893 F. Supp. 2d 75, 78 (quoting *Jerome Stevens Pharm., Inc. v. FDA,* 402 F.3d

1249, 1253–54 (D.C. Cir. 2005)).


### B.       Sovereign Immunity

The United States and its federal agencies are generally immune from suit pursuant to the

doctrine of sovereign immunity unless Congress explicitly waives it.  *United States v. Mitchell*,

445 U.S. 535, 538 (1980).  "Thus, in the absence of a waiver of sovereign immunity, the court

lacks jurisdiction over... claims against federal defendants for money damages." *Bond v. U.S.*

*Dep't of Justice*, 828 F. Supp. 2d 60, 74 (D.D.C. 2011).  The Federal Tort Claims Act waives the

government's sovereign immunity from tort suits.  28 U.S.C. § 1346(b)(1).  However, the Act

does not apply to certain claims such as "misrepresentation" or "deceit."  *Id.*  § 2680(h).


### C.       Pro Se Plaintiff Standard

"A document filed *pro se* is to be liberally construed and a pro se complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erikson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff's complaint

"must present a claim on which the Court can grant relief."  *Utterback v. Geithner,* 754 F. Supp.

2d 52, 54 (D.D.C. 2010) (quoting *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002)).

### III.    ANALYSIS

Before this Court can address the merits of the plaintiff's claim, it must first determine whether that claim is barred by the controlling statute of limitations.  *Lewis v. Sec'y of the Navy*, 892 F. Supp. 2d 1, 5 (D.D.C. 2012).   Section 2401(a) of Title 28 governs the timing of suits brought by service members seeking to correct allegedly improper discharges or decisions rendered by administrative review boards.[1]  *Nihiser v. White*, 211 F. Supp. 2d 125, 128 (D.D.C. 2002).   "If a service member brings a direct challenge to his or her discharge, the six-year statute of limitations of § 2401(a) is the period of limitations that applies."  *Id.* (quoting *Lewis*, 892 F. Supp. 2d at 4).  The statute provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  *Id.*  In addition, "§2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity and, as such, must be strictly construed."  *Lewis*, 892 F. Supp. 2d at 1, 5 (quoting *Spannaus v. DOJ*, 824 F.2d 52, 55 (D.C. Cir. 1987)).  "If an application [for reconsideration] is not filed within six years of the adverse review board decision, the period for filing suit [in federal court] does not run from the date of the decision on reconsideration, instead it runs from the date of the adverse review board decision." *Nihiser*, 211 F. Supp. 2d at 128.

Here, the defendant seeks dismissal of the plaintiff's complaint pursuant to Rule 12(b)(1).  Def's Mem. at 6, 8.  Plaintiff filed his complaint with this Court on July 31, 2012.  Plaintiff was discharged from the Army on June 23, 1978.  App. at 85, 87-88.  Plaintiff sought review of the conditions of his discharge, and was ultimately turned away by the adverse decision of the Army Board for the Correction of Military Records on August 19, 1988, more than 20 years ago.  Applications for reconsideration filed more than six years after an adverse board decision will

---

[1] Plaintiff also seemingly alleges that the ABCMR breached an unspecified contract with him.  However, what he frames as a breach of contract claim appears to relate entirely and exclusively to the review of his discharge.

not toll the statute of limitations. *Lewis*, 892 F. Supp. 2d at 6. Thus, plaintiff's complaint, whether it is construed as a challenge to the circumstances of his discharge itself, or whether it is viewed as a challenge to the ABCMR's decision in in 1988, is barred by the statute of limitations imposed by § 2401(a).[2]

This Court also lacks jurisdiction over what may be construed as allegations of the tortious actions towards plaintiff by the ABCMR. Plaintiff seemingly alleges that the ABCMR committed fraud and various types of misrepresentation such as "forg[ing] documents." Am. Compl. ¶ 6; at 5. The Federal Tort Claims Act exempts fraud and misrepresentation from the general waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h); *Stoyanov v. Winter*, 643 F. Supp. 2d 4, 10-11 (D.D.C. 2009). Consequently, since sovereign immunity has not been waived regarding claims of fraud and misrepresentation, this Court lacks jurisdiction over those claims as well.

## IV.   CONCLUSION

Summing up, this case is barred by the statute of limitations in 28 U.S.C. § 2401(a) because the plaintiff did not seek reconsideration of the 1988 denial of relief until 2008. In addition, any claims of fraud or misrepresentation are exempted from the general waiver of sovereign immunity and thus, this Court lacks jurisdiction over those claims too. Accordingly, the defendant's motion to dismiss the plaintiff's Complaint and Amended Complaint pursuant to Rule 12(b)(1) is granted. This Court lacks subject-matter jurisdiction to entertain all claims alleged here. Because the Court lacks jurisdiction, it will deny all of

---

[2] For purposes of this opinion, the statute of limitations is construed as running from the plaintiff's last challenge to the ABCMR's decision in 1988. However, the statute of limitations imposed by 28 U.S.C. § 2401(a) can also be read to run from the date of plaintiff's discharge in 1978. The Court need not address whether the 6-year period runs from plaintiff's date of discharge as the jurisdictional analysis and conclusion remain the same in either event.

plaintiff's variously styled motions requesting relief from the Department of the Army in this action.  ECF Nos. 21, 23, 24, 26, 29, 30, 31, 34, 35, 36, 37, 38, 39, 41, 43.  Finally, because the Court lacks jurisdiction over the matter, the Court will deny as moot the defendant's motion to stay briefing on plaintiff's motions.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on July 3, 2013.